**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOSEPH L. CEPHAS                               :

     Plaintiff                               :

     v                               :               Civil Action No. RWT-05-827

PRISON HEALTH SERVICES, INC., *et al.*     :

     Defendants                               :
                                                        o0o

**MEMORANDUM OPINION**

Pending in this civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. (Paper No. 23). Although Plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, the motion is unopposed. (Paper No. 24). Upon review of the papers filed, the undersigned finds a hearing in this matter to be unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth more fully below, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff, an inmate at Eastern Correctional Institution, claims Defendants have violated his constitutional rights by denying him proper medical care for a spinal condition. Paper No. 1. He claims that prior to his incarceration he was diagnosed with herniated disc disease for which he underwent surgery on April 24, 2002. Id. at p. 2. Plaintiff explains that the procedure involved disketomy and decompressions at L4 – L5 vertabrae. Id. Plaintiff claims he was told that if his symptoms remained severe he should consider further spinal surgery. Id. In 2003, Plaintiff underwent an MRI of his spinal cord which revealed stenosis at L4 – L5 as well as degenerative disc disease at S1. Id.

Plaintiff claims he submitted written complaints of pain to Defendants on May 4, 2004; May

7, 2004, August 22, 2004, September 14, 2004, and September 17, 2004.  Id. at p. 3.  He further alleges that numerous verbal complaints were made, but medical staff failed to adequately address his condition and denied his requests for an MRI or a follow-up evaluation based on the procedure he underwent in 2002.  Id.  He alleges he requested to see a back specialist but the request was denied.  Id.  Plaintiff admits that on October 19, 2004, "lumbosacral spine films were done," but claims there were no "results present on the chart."  Id.  Finally, Plaintiff claims he was given a medical assignment by Defendant Bryna[1] on February 16, 2005, but it did not include a restriction on work assignments or limitations on other activities.  Id.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987); Morrison v. Nissan Motor Co., 601 F.2d 139, 141 (4th Cir. 1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.  See Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

---

[1] The allegation appears to refer to Bryna Messforash who was terminated as a defendant in this case on May 9, 2005.

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  Celotex, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  See Anderson, 477 U.S. at 256.

In Celotex, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file."  Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Celotex, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"   Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

## Analysis

In order to state an Eighth Amendment constitutional claim for denial of medical care,

3

Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. See Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Donlan v. Smith, 662 F. Supp. 352, 361 (D. Md. 1986).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Hudson v. McMillian, 503 U. S. 1, 9 (1992)). "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'" Anderson-El v. O'Keefe, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991)). In determining whether an alleged deprivation of medical care amounts to a constitutional violation, courts must consider the severity of the medical problem, the potential for harm if medical care was denied or delayed, and whether such harm

actually resulted from the lack of medical attention.  See  Burns v. Head Jailor of LaSalle County, 576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation omitted).

The unopposed Motion for Summary Judgment is supported with the affidavit of Dr. Eniola. (Paper No. 23 at Ex. A).  In his affidavit, Dr. Eniola explains that Plaintiff's back condition is being treated conservatively with medication[2] and that x-rays of his back gave no indication that an MRI was medically necessary.  Id. at p. 5.  Plaintiff's numerous complaints of back pain were addressed through the prison sick call system.  Id. at Ex. 1.  His complaints did not, however, result in the treatment demanded by Plaintiff inasmuch as he has not been provided with an MRI or further surgery.  The fact that Plaintiff disagrees with the medically chosen course of treatment in this case cannot form the basis of an Eighth Amendment claim.

To the extent that the care provided to Plaintiff does not comport with accepted medical practice, the claim is one of medical malpractice.  A medical malpractice claim is not transformed into a constitutional rights violation simply by virtue of Plaintiff's status as a prisoner.  See Russell, 528 F.2d at 319.  In addition, such a claim does not state a federal claim, but instead is a claim based upon state medical malpractice law.  Because there is no diversity of citizenship among the parties in this case, this Court does not have jurisdiction over the negligence claim.[3]  Even if a basis for jurisdiction existed in this case, Plaintiff would be required to comply with the requirements of Maryland's Health Claims Arbitration Act prior to bringing a medical malpractice claim.[4]

_____

[2] Plaintiff has been prescribed Motrin, Naproxen, and Indocin.  (Paper No. 23 at Ex. 5).

[3] See 28 U.S.C. § 1391.

[4] See generally Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq., requiring in part presentation of medical malpractice claims to the Health Claims Arbitration Board prior to filing of a complaint in court.

Accordingly, Defendants are entitled to summary judgment, which shall be granted by separate

Order which follows.


Date: 2/23/06

_____/s/_____<br>
ROGER W. TITUS<br>
UNITED STATES DISTRICT JUDGE